IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

                                              MEMORANDUM

         Plaintiff,

                                              02-CR-0155-C

    v.

TIMOTHY M. TIERNEY,

         Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Defendant Timothy M. Tierney wrote to the court on July 30, 2007, requesting help from the court in obtaining credit for the time he spent in custody in Minnesota, both in the Scott County jail and in the Minnesota Department of Corrections, in case no. 2003-04425. Defendant was sentenced in this court on May 20, 2003, while he was serving time in the Dakota County, Minnesota jail in connection with charges brought against him by the state of Minnesota in cases nos. K900002973 and K002000968.  According to defendant, his Dakota County sentence ended on December 28, 2003, when he was picked up by Scott County authorities and taken to the county jail in connection with charges in case no. 2003-04425.  He was sentenced in that case on May 7, 2004 and transferred to the custody of the Minnesota Department of Corrections until April 6, 2006, when he was released to federal

1

custody to begin serving the sentence imposed on him in this court almost three years' earlier.

In response to defendant's letter, the probation office wrote on August 21, 2007, to tell him that this court would not be recommending that he receive credit for the time spent in Minnesota custody for two reasons: the sentences he served in cases nos. K900002973 and K0020000968 were for conduct that was not considered related to the federal charges and the time spent in custody for case no. 2003-04425 was in connection with charges that were only pending when he was sentenced in this court. Moreover the charges in case no. 2003-04425 were for conduct that occurred in 2001, well before the conduct that served as the basis for the federal charges. Thus, defendant had no legal right to have any of the Minnesota time taken into consideration under USSG § 5G1.3, Imposition of a Sentence on a Defendant Subject to an Undischarged Term of Imprisonment. He had no good reason to seek a discretionary recommendation for credit. Not only was he on probation when he was arrested, but his criminal history score was 26, putting him in Criminal History Category VI, and his score would have been higher had the Scott County conviction occurred before the federal sentencing took place.

After the probation officer wrote to inform defendant of the court's refusal to recommend jail credit, the Bureau of Prisons wrote directly to the court to ask for a recommendation on defendant's request for jail credit. I have recommended not giving

2

defendant the credit for the reasons outlined above.

Entered this 14th day of November, 2007.

> BY THE COURT:
> /s/
> BARBARA B. CRABB
> District Judge

3